UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT G. PAYNE,

     Plaintiff,

v.                                                                  Case No. 3:18cv1413-MCR-HTC

ANDREW SAUL,[1]
Commissioner of Social Security,

     Defendant.

_____/

REPORT AND RECOMMENDATION

     This is a Social Security case in which the Court reversed the Commissioner's

decision denying benefits and remanded the case to the Commissioner for further

proceedings.  ECF Doc. 12.  Plaintiff has moved for an award of attorney's fees and

costs under the Equal Access to Justice Act ("EAJA").[2]  ECF Doc. 14; 28 U.S.C. §

2412(d).  For the reasons set forth herein, the undersigned recommends the entry of

a judgment in Plaintiff's favor in the amount of $5,710.25.

_____

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted for
Nancy A. Berryhill as the Defendant.  *See* Fed. R. Civ. P. 25(d).
[2] The Court entered judgment in this case on January 15, 2019.  ECF Doc. 13.  The EAJA requires
parties to submit fee applications "within thirty days of final judgment."  28 U.S.C. §
2412(d)(1)(B).  A judgment does not become "final" in Social Security cases until the 60-day
window to appeal expires.  *Id.* at § 2412(d)(2)(g) (defining "final judgment" as "a judgment that
is final and not appealable").  Plaintiff filed the motion for attorney's fees and costs on March 12,
2019, which is fifty-six (56) days after the January 15 judgment.  Nevertheless, "[e]ven a premature
motion [under the EAJA] is considered timely."  *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th
Cir. 1990) (citations omitted).

In the opening paragraph of Plaintiff's motion, he seeks fees and costs of $5,710.25 for 27.1 hours of work at $195.95/ hour.  ECF Doc. 14 at 1.  In the relief paragraph of his motion, Plaintiff seeks an award of $7,944.75.  *Id.* at 4.  In the relief paragraph of the memorandum section of Plaintiff's motion, he seeks $6,558.25 in fees and costs.  *Id.* at 7.  Plaintiff seeks to have the fees paid directly to his counsel. Plaintiff's motion includes an affidavit from R. Ian MacLaren, III, which supports a determination that counsel spent 27.1 hours at a rate of $195.95 per hour and costs of $400.00 on this matter.  *Id.* at 10-18.  The motion is also supported by the Plaintiff's affidavit and assignment of EAJA fee, requesting that the award be paid directly to Plaintiff's counsel.  *Id.* at 19-20.

The Commissioner filed a response to Plaintiff's motion and does not object "to an award of $5,310.25 for 27.1 hours of work performed by [his] attorney at a rate of $195.95 per hour and costs of $400.00 for a total of $5,710.25."  ECF Doc. 15 at 1.  Based on Plaintiff's motion and supporting affidavits, and the lack of objection from the Commissioner as to the amount, the undersigned finds that the time expended is reasonable and the hourly rate charged is justified.  *See* 28 U.S.C. § 2412(d)(2)(A).

While not objecting to the amount sought, the Commissioner does object to the payment of the award directly to Plaintiff's counsel.  Under *Astrue v. Ratliff*, 560 U.S. 586 (2010), attorney's fees under the EAJA are awarded to the prevailing party,

not to the prevailing party's attorney. *See id.* at 597. The Court, however, left intact the procedure of making payments directly to the plaintiff's counsel *if* the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to fees to the attorney. *See id.* Here, although Plaintiff has included an assignment of his fees, there is nothing in the record to support a determination that Plaintiff does not currently owe a federal debt. Thus, the undersigned believes the best practice in this case is to leave it to the discretion of the government to accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel after a determination is made that Plaintiff does not owe a federal debt.

Accordingly, it is RECOMMENDED:

1. That Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act (ECF Doc. 14) be GRANTED.

2. That Plaintiff be awarded attorney's fees and costs in the amount of $5,710.25.

3. That Defendant follow *Astrue v. Ratliff*, 560 U.S. 586 (2010), but make prompt payment to Plaintiff's counsel if no outstanding federal debt is due.

At Pensacola, Florida, this 14th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.